IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT LEWIS RENDELMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 09-cv-964-DRH |
| ) | |
| THOMAS WERLICH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff, an inmate at the United State Penitentiary located in Marion, Illinois (USP-Marion) Correctional Center, brings this action for deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff states that on December 23, 2008, while confined at USP-Marion on disciplinary status "for written threats," prison officials distributed "Christmas Holiday Gift Bags" to inmates. Plaintiff, however, was not given a gift bag because - unlike other prisoners in his housing unit - Plaintiff was on disciplinary status. Plaintiff contends that the failure to give him a "Christmas Holiday Gift Bag" violated his right to Equal Protection of the law.

### DISCUSSION

In his complaint, Plaintiff acknowledges that he had no constitutional right to receive a gift bag. Rather, Plaintiff contends that once prison officials decided to hand out gift bags to inmates, the Equal Protection Clause of the Fifth Amendment obligated prison officials to distribute gift bags to *all* prisoners. This contention, though, is without merit.

Although prisoners retain their right to Equal Protection, where the disparate treatment is not

based on a suspect class, such as race or gender, a prison may treat inmates differently if the unequal treatment is rationally related to a legitimate penological interest.  *See May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000); *Williams v. Lane*, 851 F.2d 867, 881 (7th Cir. 1988).  It does not take a huge stretch of the imagination to find the rationality in prison officials bestowing a lagniappe on inmates who are not in violation of prison rules as a way to reward and encourage such "good behavior" and to withhold them from inmates who have recently violated prison rules as a means of discouraging future "bad behavior."  Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted.  **DISPOSITION**

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED:** May 12, 2010.

/s/    DavidRHerndon
**DISTRICT JUDGE**